IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


ANGELO TYRONE LOYD,

                    Plaintiff,

          v.                          CASE NO.  12-3248-SAC

SHAWNEE COUNTY DEPARTMENT
OF CORRECTIONS,
et al.,

                    Defendants.

<u>O R D E R</u>

     This pro se civil complaint was filed pursuant to 42 U.S.C. §
1983 by an inmate of the Shawnee County Jail, Topeka, Kansas.
Plaintiff names as defendants the Shawnee County Department of
Corrections and "correction officer," Topeka, Kansas.

     As the factual background for this action, plaintiff alleges
as follows.  On October 26, 2012, he was involved in a verbal
altercation with "OFC J. Cooper," which began with Cooper calling
him and his roommates derogatory names while telling them to lockdown
and plaintiff yelling names back at Cooper.  Plaintiff cooled down
and tried to apologize, but Cooper threatened plaintiff that he would
beat him and pushed plaintiff "very hard causing (him) to land on
(his) back, butt and hands."  Plaintiff called Cooper names, then
went to his cell.  Cooper smirks whenever he goes past plaintiff's

cell.

As Count I, plaintiff claims that he was threatened and assaulted by "SNCO C.O Officer" employed at the SCJ.  It appears he is referring to Correctional Officer (CO) Cooper, but he has not written Cooper's name in either the caption or the other paragraph in his form complaint in which he was directed to provide information on each defendant.  Plaintiff does not delineate any other counts. He seeks 2.5 million dollars.

**FILING FEE**

The statutory fee for filing a civil rights complaint is $350.00.  Plaintiff has filed an Application to Proceed without Prepayment of Fees (Doc. 2).  However, this motion is incomplete. Plaintiff has not attached a certified copy of his Inmate Account Statement in support as required by statute.[1]  He is given time to obtain and submit the certified copy of his inmate account statement to the court.  If he does not provide this document in the time allotted, this action may be dismissed without further notice.

**SCREENING**

---

[1]     28 U.S.C. § 1915(a)(2) pertinently provides: "A prisoner seeking to bring a civil action . . . without prepayment of fees . . . , in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined."

Because Mr. Loyd is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief.  28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48-49 (1988)(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).   A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  However, the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."  *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).   A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  The complaint must offer "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The court accepts all well-pleaded allegations in the complaint as true.  *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir.

2006).  Still, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate.  *Twombly*, 550 U.S. at 558.  To avoid dismissal, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.  In other words, there must be "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570.  Having reviewed the complaint under the foregoing standards, the court finds it is subject to being dismissed for the following reasons.

## FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

In response to the question on his form complaint as to whether or not he sought relief from administrative officials, Mr. Loyd marked "No."  It thus appears from plaintiff's own allegations that he has not exhausted administrative remedies on his claims.  Under 42 U.S.C. § 1997e(a), "a prisoner must exhaust his administrative remedies prior to filing a lawsuit regarding prison conditions in federal court."  *Id.*  Section 1997e(a) expressly provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

*Id.*  This exhaustion requirement "is mandatory, and the district court [is] not authorized to dispense with it."  *Beaudry v. Corrections Corp. of Am.*, 331 F.3d 1164, 1167 n. 5 (10th Cir. 2003), *cert. denied*, 540 U.S. 1118 (2004); *Little v. Jones*, 607 F.3d 1245, 1249 (10th Cir. 2010).[2]  While failure to exhaust generally is an affirmative defense and a plaintiff is not required to plead it in the complaint, when that failure is clear from materials filed by plaintiff, the court may sua sponte require plaintiff to show that he has exhausted.  *See Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007)(acknowledging district courts may raise exhaustion question sua sponte, consistent with 42 U.S.C. § 1997e(c)(1) and 28 U.S.C. §§ 1915 and 1915A, and dismiss prisoner complaint for failure to state a claim if it is clear from face of complaint that prisoner has not exhausted administrative remedies).  Accordingly, the court finds that plaintiff's § 1983 complaint is subject to being dismissed without prejudice pursuant to 28 U.S.C. §§ 1915A, 1915(e)(2)(B)(ii), and 42 U.S.C. § 1997e(c)(1), based on plaintiff's failure to exhaust available administrative remedies prior to filing this action.  Plaintiff is given time to show cause why this action should not be dismissed for failure to exhaust.  If he does not show good cause within the time allotted, this action

---

2    The "inmate may only exhaust by properly following all the steps laid out in the prison system's grievance procedures."  *Little*, 607 F.3d at 1249 (citing *Woodford v. Ngo*, 548 U.S. 81, 90 (2006).  "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim . . . ."  *Id.* (citing *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002)).

may be dismissed without further notice.

**FAILURE TO STATE A CLAIM**

As noted, plaintiff's single count is that he was threatened and assaulted by a correctional officer at the Shawnee County Jail. Accepting plaintiff's allegation that he was threatened as true, the court finds that it fails to state a federal constitutional violation.  It is well-settled that verbal threats do not amount to constitutional violations.

Plaintiff's allegation that he was pushed by a correctional officer during a verbal altercation between the officer and several inmates ordered to lockdown also fails, without more, to state a claim of violation of the United States Constitution.  Not every isolated battery or injury to an inmate amounts to a federal constitutional violation.  *See Hudson v. McMillian*, 503 U.S. 1, 9 (1992)(Not "every malevolent touch by a prison guard gives rise to a federal cause of action."); *Smith v. Iron County*, 692 F.2d 685 (10th Cir. 1982)(A prison guard's use of force against a prisoner is not always a constitutional violation.); *El'Amin v. Pearce*, 750 F.2d 829, 831 (10th Cir. 1984)(While an assault by a jailer on his prisoner can give rise to an action under section 1983, a jailer's use of force against a prisoner is not always a constitutional violation.); *see also George v. Evans*, 633 F.2d 413, 416 (5th Cir. 1980)("A single unauthorized assault by a guard does not constitute cruel and unusual

punishment."). In circumstances similar to those described by plaintiff, courts have repeatedly quoted Judge Friendly's opinion in *Johnson v. Glick*:

> Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights.

*Johnson v. Glick*, 481 F.2d 1029, 1033 (2nd Cir.), *cert. denied sub nom Employee-Officer John v. Johnson*, 414 U.S. 1033 (1973); see *DeWalt v. Carter*, 224 F.3d 607, 620 (7th Cir. 2000)(holding that prison guard's "simple act of shoving" inmate into a door frame was not an Eighth Amendment violation.); *Suits v. Lynch*, 437 F.Supp. 38, 40 (D.Kan. 1977). As the United States Supreme Court has explained:

> Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law. Remedy for the latter type of injury must be sought in state court under traditional tort-law principles.

*Baker v. McCollan*, 443 U.S. 137, 146 (1979). Courts generally analyze a prisoner's claim of excessive force under the Eighth Amendment's cruel and unusual punishment clause. *Cf. Whitley v. Albers*, 475 U.S. 312, 320-321 (1986); *Sampley v. Ruettgers*, 704 F.2d 491, 494-496 (10th Cir. 1983).[3] Plaintiff's allegations appear to

---

[3]      In *Sampley*, the Tenth Circuit instructed:

A prison guard's use of force against an inmate is "cruel and unusual" only if it involves "the unnecessary and wanton infliction of pain." *Gregg v. Georgia*, 428 U.S. 153, 173 (1976). We think that this standard imposes three requirements for an inmate to state a cause of action under the eighth amendment and section 1983 for an attack by a prison guard. First, "wanton" requires that the guard have intended to harm the inmate. Second, "unnecessary" requires the force used to have been more than appeared reasonably necessary at

describe an isolated battery at most.   Unless plaintiff can allege additional facts, his allegations fail to implicate constitutional concerns.

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiff is granted thirty (30) days in which to submit a certified copy of his inmate account statement for the six-month period immediately preceding the filing of the complaint as required by 28 U.S.C. § 1915(a)(2).

**IT IS FURTHER ORDERED** that within the same thirty-day period plaintiff must show cause why this action should not be dismissed for failure to exhaust administrative remedies and for failure to state sufficient facts to support a federal constitutional claim.

**IT IS SO ORDERED.**

Dated this 23rd day of January, 2012, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge

---

the time of the use of force to maintain or restore discipline.   Third, "pain" means more than momentary discomfort; the attack must have resulted in either severe pain or a lasting injury.

*Id.*